FILED

NOT FOR PUBLICATION

MAY 29 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARC ANTHONY LOWELL ENDSLEY, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> OCTAVIO LUNA, sued in his individual capacity, <br><br> Defendant - Appellee. | No. 09-56978 <br><br> D.C. No. 2:06-cv-04100-DSF-SS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Marc Anthony Lowell Endsley, who is committed to a state psychiatric

hospital facility, appeals pro se from the district court's judgment in his 42 U.S.C.

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1983 action alleging that the denial of his requests to purchase his own personal computer violated his constitutional rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment and its grant of a motion to dismiss. *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment on Endsley's substantive due process claim because Endsley failed to raise a genuine dispute of material fact as to whether the denial of his requests for a personal computer was reasonably related to the legitimate, non-punitive governmental interests of safety and security. *See Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004) (consistent with substantive due process, civilly committed individuals are subject to "[l]egitimate, non-punitive government interests," such as facility management and security); *Valdez v. Rosenbaum*, 302 F.3d 1039, 1046 (9th Cir. 2002) ("A reasonable relationship between the governmental interest and the challenged restriction does not require . . . showing a 'least restrictive alternative.'" (citation omitted)).

The district court properly granted summary judgment on Endsley's equal protection claim because Endsley failed to raise a genuine dispute of material fact as to whether he was treated differently from other similarly situated individuals.

*See Nelson v. City of Irvine*, 143 F.3d 1196, 1205 (9th Cir. 1998) (alleged disparities in treatment arising from different agencies' policies did not establish equal protection claim).

The district court properly dismissed Endsley's inadequate mental health treatment claim because Endsley failed to allege facts sufficient to show that the denial of a personal computer resulted in constitutionally inadequate treatment. *See Sharp v. Weston*, 233 F.3d 1166, 1172 (9th Cir. 2000) (civilly committed individuals have a constitutional right to "access to mental health treatment that gives them a realistic opportunity to be cured and released").

The district court did not abuse its discretion by denying Endsley's motion to compel documents concerning contraband found at the hospital. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and describing district court's broad discretion to permit or deny discovery).

Endsley's remaining contentions, including those regarding the denial of joinder of another defendant, are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**